# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| WAVELAND SERVICES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. |
| | ) |
| MARLIN MCCLURE, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

COME NOW Plaintiff, Waveland Services, Inc. ("Waveland"), and file this Complaint ("Complaint") against Defendant, Marlin McClure ("McClure"), stating as follows:

## INTRODUCTION

Waveland brings this action against McClure for entry of a Judgment providing that Waveland is in compliance with the overtime requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA") because Waveland's customers furnish lodging and meals to offshore oil rig employees strictly for the convenience and benefit of Waveland and its customers, and thus, pursuant to 29 C.F.R. § 778.217, Waveland is not required to include the value of those services in the regular rate of pay for the purpose of calculating overtime.

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff, Waveland Services, Inc. ("Waveland"), is a Louisiana business corporation with its principal offices in Eunice, Louisiana. Waveland is based in this District and the Lafayette Division of this Court.

2.

Defendant, Marlin McClure, was employed by Waveland as an offshore oil rig employee and is a resident of Lufkin, Texas.

3.

This Court has jurisdiction over this action pursuant to the FLSA, the Declaratory Judgment Act, 28 U.S.C. § 2201, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1349(b), and 28 U.S.C. § 1331.

4.

This Court has jurisdiction over the parties and subject matter of this case as set forth herein.

5.

This Court is empowered to render a declaratory judgment in this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

6.

There is a dispute between the parties in this case with respect to Waveland's compliance with the FLSA. In pleadings and related documentation, Defendant McClure, through his counsel, has stated his intention to assert claims against Plaintiff for certain violations of the FLSA. These include violations of 29 U.S.C § 207(e) for failure to include the value of meals and lodging in

Defendants' computation of the regular rate of pay when calculating overtime. *See* 29 C.F.R § 778.217. This dispute is an actual case or controversy for the purposes of the Declaratory Judgment Act, and this Court is thus empowered to render a declaratory judgment respecting the future rights of these parties pursuant to 28 U.S.C. § 2201, *et seq.*

7.

Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

### Waveland Provides Reimbursement for Lodging and Meals to Offshore Employees for its Own Convenience and Benefit

8.

Waveland provides surface preparation and coatings services to energy industry clients with off-shore oil platforms located off the Gulf Coast and the coast of California.

9.

Currently, Waveland has approximately 119 employees who work offshore, and of those employees, 111 are in the Gulf of Mexico while 8 are in California.

10.

Waveland employed McClure on offshore oil rigs from July 27, 2004 to on or about May 2018.

11.

Waveland requires employees, including Defendant McClure, to travel away from their homes for multi-day shifts consisting of 14 days on the platform and 7 days off. When its employees are on a platform, they work 12 hours on and 12 hours off. Waveland pays an overtime premium to its employees.

12.

Waveland's customers furnish meals and lodging to Waveland's employees, including Defendant McClure, while those employees remain at offshore platforms for periods in excess of twenty-four (24) hours to address a wide range of logistical realities that affect the cost of offshore projects. Waveland does not provide meals or lodging to its employees when they are on an offshore platform.

13.

Waveland's customer's furnish three meals per day to Waveland's employees, for example, because it is logistically impractical, and in some cases impossible, for employees to transport, store, and prepare their own food in conjunction with a multi-day shift on an offshore platform. It is also cost prohibitive for Waveland's customers to provide transportation back to the mainland for employees to purchase their own meals because Waveland's customers would incur transportation costs and lose the value of work performed on the offshore platform.

14.

Waveland's customers furnish lodging to employees, for example, because it is impractical, and in some cases impossible, for Waveland's customers to provide transportation back to the mainland for employees to procure their own lodging. Or, as McClure stated in his First Amended Complaint in *McClure v. Waveland Energy Services, LLC, et al.*, employees on multi-day shifts "cannot realistically leave their vessel, helicopter, or oil platform." Case No. 2:18-cv-01726-KJM-AC, Docket No 19, ¶ 6 (E.D. Cal. Sept. 21, 2018). In addition, Waveland's customers incur transportation costs and lose the value of work performed on the offshore platform.

**Facts That Support the Existence of an Actual Case and Controversy
Between Waveland and McClure**

15.

McClure filed a class action lawsuit against Waveland on June 14, 2018, in the Eastern District of California alleging, *inter alia,* that Waveland was liable under California state law for premium wages owed to employees for all hours that employees spent on multi-day shifts on offshore oil platforms, among other claims.

16.

On February 21, 2019, the California district court entered an order staying the action in light of the United States Supreme Court's consideration of *Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078 (9th Cir. 2018), *review granted sub. nom.*, *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, No. 18-389 (U.S. Supreme Court), which addressed the issue of whether state or federal law applied to employees performing work on offshore drilling platforms on the Outer Continental Shelf ("OCS").

17.

On June 10, 2019, the Supreme Court issued the *Parker Drilling* decision, *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1886, 204 L. Ed. 2d 165 (2019), holding that "where federal law addresses the relevant issue, state law is not adopted as surrogate federal law on the OCS."

18.

The parties submitted a Joint Status Report to the California district court on August 21, 2019, in which McClure indicated that he would file a Second Amended Complaint that would include a claim for unpaid overtime wages pursuant to Section 7 of the FLSA on the grounds that Waveland failed to "include the value of meals or lodging received by Plaintiffs as a benefit for

working on the OCS platforms into their overtime rates of pay." Joint Status Report, *McClure v. Waveland Energy Services, LLC*, Case No., 2:18-cv-01726-KJM-AC, Docket No. 30, p. 8 (E.D. Cal. Aug. 21, 2019) (attached hereto as Exhibit A).

19.

Waveland disputes that the value of meals and lodging received by employees, such as McClure, on offshore platforms is includable in those employees' regular rate of pay. Thus, an actual case and controversy is ripe for consideration by this Court.

## COUNT I

## DECLARATORY JUDGMENT THAT WAVELAND HAS COMPLIED WITH THE OVERTIME PROVISIONS OF THE FLSA

20.

Waveland incorporates by reference all allegations contained in Paragraphs 1 through 19 and re-alleges the same as if specifically pleaded herein.

21.

Pursuant to Section 7 of the FLSA, 29 U.S.C. § 207, employees must be paid at a rate of not less than one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.

22.

As set out above in Paragraph 18, McClure contends that Waveland should include the value of meals and lodging provided to its offshore oil rig platform employees in Waveland's calculation of the regular rate for the purposes of computing overtime.

23.

As set out above in Paragraphs 11 through 14, Waveland's customer's provision of meals and lodging to offshore oil rig employees, however, is properly excluded from the regular rate of pay because the meals and lodging are provided for the benefit of Waveland's customers, not Waveland's employees.  *See* 29 C.F.R. § 778.217.

24.

Accordingly, Waveland requests that this Court enter a Judgment declaring that Waveland has complied with the overtime provisions of Section 7 of the FLSA, 29 U.S.C. § 207, because the value of meals and lodging provided by Waveland's customers on offshore platforms is not includable in the regular rate.

## **COUNT II**

## **DECLARATORY JUDGMENT THAT THE VALUE OF LODGING AND MEALS PROVIDED BY WAVELAND TO OFFSHORE EMPLOYEES IS NOT INCLUDABLE IN THE REGULAR RATE**

25.

Waveland incorporates by reference all allegations contained in Paragraphs 1 through 24 and re-alleges the same as if specifically pleaded herein.

26.

As set out above in Paragraphs 11 through 14, Waveland's customers furnish offshore oil rig employees with meals and lodging for their own benefit and convenience because while those employees are away from home on the oil rig platform for more than twenty-four (24) hours, it would be impractical, cost prohibitive, and sometimes impossible to do otherwise.

27.

When an employee is required to be "away from home" for more than twenty-four (24) hours in order to perform his or her job, the expenses incurred by that employee are inherently for the convenience of the employer and, thus, are not includable in the computation of the regular rate of pay. *See* 29 C.F.R. § 778.217.  *See also Sharp v. CGG Land (U.S.) Inc.,* 840 F.3d 1211 (10th Cir. 2016)*; Acton v. City of Columbia, Missouri,* No. 03-4159-CV-NKL, 2004 WL 2152297 (W.D. Mo. Sept. 10, 2004)*, aff'd,* 436 F.3d 969 (8th Cir. 2006)*; Berry v. Excel Group, Inc.,* 288 F.3d 252 (5th Cir. 2002).

28.

Accordingly, Waveland requests that this Court enter a Judgment declaring that the value of lodging and meals provided by Waveland to offshore employees is not includable in the FLSA's regular rate.

## **COUNT III**

## **IF AN FLSA VIOLATION IS FOUND, DECLARATORY JUDGMENT THAT WAVELAND HAS ACTED IN GOOD FAITH AND IS NOT ENTITLED TO LIQUIDATED DAMAGES FOR WILLFULLY VIOLATING THE FLSA**

29.

Waveland incorporates by reference all allegations contained in Paragraphs 1 through 28 and re-alleges the same as if specifically pleaded herein.

30.

Waveland relies upon federal statutes, federal regulations, and opinions to determine that it is in compliance with the FLSA.  Thus, pursuant to 29 U.S.C. § 260, Waveland has reasonable grounds for believing that its practices do not violate the FLSA.  Waveland has not willfully

violated the FLSA, thus, the statute of limitations for commencing an action under the FLSA against Waveland is two years after the cause of action accrued.

31.

Accordingly, in the event the Court finds that the value of lodging and meals should be included in the regular rate for the purposes of calculating overtime pay, Waveland requests that this Court deny liquidated damages by entering an Order declaring that Waveland is not required to pay liquidated damages under the FLSA and has not willfully violated the FLSA.

WHEREFORE, Waveland respectfully requests the following relief:

a. That this Court enter a Judgment declaring that Waveland has complied with the overtime provisions of Section 7 of the FLSA, 29 U.S.C. § 207;

b. That this Court enter a Judgment declaring that the value of lodging and meals provided by Waveland's customers to offshore employees is not includable in the FLSA's regular rate;

c. That, in the event the Court finds that the value of lodging and meals should be included in the regular rate for the purposes of calculating overtime pay, Waveland requests that this Court enter a Judgment declaring that Waveland is not required to pay liquidated damages under the FLSA and has not willfully violated the FLSA; and,

d. That this Court award such other and further relief as it deems just and proper.

This 16th day of September, 2019.

Respectfully submitted,

/s/Andrew P. Burnside
Andrew P. Burnside, La. Bar No. 14116
William H. Payne, IV, La. Bar No. 36617
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (504) 648.3840
Facsimile: (504) 648.3859
Email: drew.burnside@ogletreedeakins.com
       bill.payne@ogletreedeakins.com

39969099.3