# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **WAVELAND SERVICES INC** | **CASE NO. 6:19-CV-01211** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MARLIN MCCLURE** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 10] filed by defendant Marlin McClure under Federal Rule of Civil Procedure 12(b)(1)–(3) and 12(b)(6). Plaintiff Waveland Services, Inc. ("Waveland") opposes the motion. Doc. 12.

## I.
### BACKGROUND

This suit arises as a dispute between Waveland, a Louisiana business that "provides surface preparation and coating services" to oil platforms off the Gulf Coast and the coast of California, and Waveland's former employee, Marlin McClure. McClure worked for the company from July 2004 until May 2018, from its Louisiana- and California-based locations. Doc. 1, ¶¶ 8–10.

McClure filed a class action suit against Waveland and other companies in the United States District Court for the Eastern District of California on June 14, 2018. *See McClure v. Brand Energy Svcs., LLC*, No. 2:18-cv-1726 (E.D. Cal.). He raised claims under *Newton v. Parker Drilling Management Services, Ltd.*, 881 F.3d 1078 (9th Cir. 2018), in which the Ninth Circuit held that California wage and overtime law applied as

surrogate federal law to work performed on the Outer Continental Shelf ("OCS"). McClure alleged that Waveland and other defendants had violated those state laws by, *inter alia*, failing to properly calculate and pay the premium wages he and other workers were owed for working multi-day shifts on the off-shore platforms. *Id.* at docs. 1, 17.

In February 2019 the California district court stayed the action in light of the Supreme Court's consideration of *Parker Drilling*. The Supreme Court reversed the decision in June 2019, noting that state law was only adopted under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(a), to the extent federal law did not address the issue at hand. Because the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, already handled the minimum wage and overtime issues, it applied exclusively on the OCS. *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, __ U.S. ____, 139 S.Ct. 1881 (2019). The parties to the California suit submitted a joint status report on August 21, 2019, in which McClure indicated that he would file a second amended complaint seeking relief under the overtime provisions of the FLSA. *Id.* at doc. 30, pp. 7–8.

Waveland then filed suit in this court on September 16, 2019, seeking a declaratory judgment that its overtime payment calculations comply with the FLSA. Doc. 1. McClure moves to dismiss the suit, arguing that (1) the court lacks subject matter jurisdiction because Waveland does not have standing to pursue declaratory judgment; (2) the court lacks personal jurisdiction over McClure; (3) the case was brought in an improper venue; (4) Waveland fails to state a claim on which relief may be granted; and (5) the court should exercise its discretion under the Declaratory Judgment Act to dismiss the suit in favor of parallel litigation in California. Doc. 10, att. 1. Waveland opposes the motion. Doc. 12.

Meanwhile, McClure has filed a motion for leave to amend his complaint in the California suit in order to add FLSA claims against Waveland, dismiss state law claims invalidated by *Parker Drilling*, and dismiss the other named defendants. *McClure*, No. 2:18-cv-1726, at doc. 36. Waveland opposes the motion, arguing undue delay and prejudice. *Id.* at doc. 38. The California district court conducted a hearing on November 22, 2019, and the parties are now awaiting a decision on the matter.

## II.
## LAW & APPLICATION

In handling motions to dismiss, the court should resolve jurisdictional attacks before addressing attacks on the merits of a claim. *Forras v. Rauf*, 812 F.3d 1102, 1105 (D.C. Cir. 2016). Accordingly, the court reviews the bases for dismissal in the order laid out above.

### A. *Subject Matter Jurisdiction*

#### 1. *Standard of review*

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a case for lack of subject matter jurisdiction. The burden lies with the party asserting jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). "[I]n examining a Rule 12(b)(1) motion, the district court is empowered to find facts as necessary to determine whether it has jurisdiction." *Machete Prods., LLC v. Page*, 809 F.3d 281, 287 (5th Cir. 2015). Where the court is required to weigh evidence and resolve factual disputes, it attaches no presumption of truthfulness to the plaintiff's allegations. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

#### 2. *Application*

McClure maintains that Waveland lacks standing in this matter because an employer may not pursue injunctive relief under the FLSA. The FLSA allows employees to pursue a claim for damages against their employers. 29 U.S.C. § 207. It also provides that only the Secretary of Labor may pursue injunctive relief "to restrain violations" of the FLSA. 29 U.S.C. § 211(a); *see, e.g.*, *Heitmann v. City of Chicago*, 560 F.3d 642, 644 (7th Cir. 2009). Because declaratory judgments operate "in every practical sense" like injunctive relief, courts have also held that employees may not pursue claims for declaratory relief under the FLSA. *E.g.*, *Coleman v. La. Dep't of Vet. Affairs N.W. La. War Veterans Home*, 2017 WL 7049111, at *3 (W.D. La. Dec. 11, 2017) (citing *Mich. Corr. Org. v. Mich. Dep't of Corr.*, 774 F.3d 895, 903–04 (6th Cir. 2014)). As Waveland observes, however, nothing in the FLSA prevents an employer from seeking a declaration that its practices comply with the statute.[1] Accordingly, Waveland does not lack standing in this matter merely because it seeks declaratory relief under the FLSA.

The Declaratory Judgment Act provides that a court may declare rights and legal relations of parties, upon the filing of the appropriate pleading, "[i]n a case of actual controversy within its jurisdiction . . . ." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" refers to the cases and controversies made justiciable under Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). To determine whether a case or controversy exists, the court must decide whether the facts alleged "show

---

[1] The Fifth Circuit and district courts have recently considered employers' claims for declaratory relief under the FLSA without raising the issue of standing – though subject matter jurisdiction is something courts are bound to examine *sua sponte*. *See Gate Guard Svcs., L.P. v. Perez*, 792 F.3d 554, 557–58 (5th Cir. 2015) (considering employer's request for attorney fees incident to its declaratory judgment action against the Department of Labor); *see also Alfaro v. H. Roslin Staffing Grp., LLC*, 2012 WL 3925877 (N.D. Tex. Sep. 10, 2012).

that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil. Co.*, 312 U.S. 270, 273 (1941). Here the pending suit between McClure and Waveland, and the threat of McClure raising claims under the FLSA in that action, shows the existence of a substantial controversy. Accordingly, the court has subject matter jurisdiction over Waveland's declaratory judgment action.

**B. *Personal Jurisdiction***

*1. Standard of review*

A party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. The plaintiff thus carries the burden on the defendant's challenge to personal jurisdiction. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). When the court rules without an evidentiary hearing, the plaintiff is only required to make a *prima facie* showing of personal jurisdiction. *Benson v. Rosenthal*, 116 F.Supp.3d 702, 705 (E.D. La. 2015). The court's review is not limited to the pleadings, and it must resolve all disputed facts in favor of jurisdiction. *Id.*

In order for personal jurisdiction to comport with constitutional standards of due process,[2] the plaintiff must show that (1) the defendant purposefully availed itself of the

---

[2] The court can only assert personal jurisdiction over a defendant when he is amenable to service under the forum state's long-arm statute and the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Louisiana long-arm statute is coextensive with the limits of due process. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010). Therefore the requirements are combined for the purpose of this analysis.

benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) exercising jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992). The "minimum contacts" prong may be met through contacts giving rise to either general or specific jurisdiction. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

Specific jurisdiction, which is alleged here, occurs when the litigation arises from the defendant's minimum contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 472 (1985). The Fifth Circuit tests the existence of specific jurisdiction by asking (1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's suit arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of jurisdiction would be fair and reasonable. *Monkton Ins. Svcs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014). If the plaintiff can establish the first two prongs, the burden then shifts to the defendant to defeat jurisdiction by showing that the exercise of jurisdiction would be unfair or unreasonable. *Id.*

### 2. Application

Waveland admits that McClure is a Texas citizen who was employed by Waveland in California. It alleges, however, that McClure has established minimum contacts with Louisiana by pursuing a lawsuit against Waveland, which employs a large number of Louisiana citizens and conducts a significant amount of its operations out of the state. Doc. 12. Waveland CEO Edmund Caswell provides that, at the time this complaint was filed, 111 of Waveland's 119 offshore workers worked in the Gulf of Mexico while only 8 were

assigned to work off the coast of California. Doc. 12, att. 1, ¶ 3. He also states that Waveland's payroll and staffing decisions are managed from its headquarters in Eunice, Louisiana, where McClure interviewed and received his initial and annual training. *Id.* at ¶¶ 6–7. Finally, he states that McClure "was based at Eunice for at least 9 years before transferring to California platforms in late 2015 or early 2016" and that he probably spent seventy percent of his time on platforms off the Louisiana coast. *Id.* at ¶ 8. McClure has not disputed these facts or provided any additional evidence.

FLSA claims are generally subject to a two-year statute of limitations. The statute permits a three-year window only if the plaintiff can show that the employer's violation was willful. 29 U.S.C. § 255(a); *see, e.g.*, *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015). It is therefore uncertain whether McClure could show a right to overtime compensation under the FLSA for time he was employed in Louisiana. Nevertheless, his claims are based on employment that began in Louisiana and continued to relate to that state after his transfer. Even without considering McClure's attempt to stand as class representative for a group that might largely consist of Louisiana-based employees, the court finds sufficient contacts to establish specific personal jurisdiction over McClure in this matter and to make the exercise of that jurisdiction fair and reasonable.

### C. *Venue*

McClure next argues that the case should be dismissed under Rule 12(b)(3) because it was filed in an improper venue. He asserts that the proper venue for this action is the United States District Court for the Eastern District of California, where his own suit is pending and where he has sought leave to assert his FLSA claims against Waveland.

Venue in this matter is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) if there is no other district that qualifies, any judicial district in which a defendant is subject to the court's personal jurisdiction with respect to the action. If a case is filed in the wrong district, the court shall dismiss the case or transfer it to a district where it might have been brought. 28 U.S.C. § 1406(a). Once the defendant raises the issue, the plaintiff bears the burden of showing that venue is proper. *McCaskey v. Cont'l Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001). Venue is proper in this matter under both § 1391(b), because the alleged FLSA violations relate to payroll decisions allegedly made by Waveland in this district. Accordingly, the court is not authorized to dismiss or transfer the case under 28 U.S.C. § 1406(a).

### D. *Failure to State a Claim*

McClure next argues that dismissal is appropriate under Rule 12(b)(6) because there is no "live or active controversy" between himself and Waveland. Specifically, he argues that because he is no longer an employee of Waveland, he is no longer impacted by its ongoing overtime payment policies and practices.

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including

matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

As noted above, FLSA's statute of limitations may or may not permit relief for the time McClure was employed by Waveland. The answer to that question will depend on whether he is permitted to amend his complaint in the Eastern District of California and whether the amendment relates back to the original filing. Any declaration as to the legality of Waveland's overtime practices relates to what is still an ongoing controversy between the parties. The motion to dismiss should be denied under Rule 12(b)(6).

### E. Discretionary Dismissal

Finally, McClure argues that the suit must be dismissed in favor of the parallel proceedings in California. The Fifth Circuit requires district courts to engage in a three-step inquiry relating to declaratory judgment actions. The court must ask: (1) whether the action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams Co.*

*v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). McClure's current attempt to file suit against Waveland in California under the FLSA satisfies the justiciability requirement, as it shows the existence of a substantial and immediate legal controversy between the parties rather than one that is "hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Companies v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (internal quotations omitted). Additionally, as shown above, this court has the power to grant declaratory relief between the parties to this suit. Accordingly, the remaining factor is the court's discretion to entertain the declaratory judgment action while there is a parallel suit in another court.

Courts disfavor anticipatory suits under the Declaratory Judgment Act because they incentivize forum-shopping, deprive the potential plaintiff of his choice of forum, and discourage extra-judicial means of resolution. *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F.Supp. 1290, 1292 (S.D. Tex. 1990). Accordingly, when two actions involving the same parties and issues are pending in federal court, courts in this circuit generally hold that the court with prior jurisdiction over the common subject matter should resolve all issues presented in the related action. *West Gulf Maritime Assn' v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985). Courts depart from this rule only in "compelling circumstances," such as "if the [first filed] action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction."[3] *909 Corp.*, 741

---

[3] Under a parallel line of cases, arising from *St. Paul Fire Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), courts look to a list of seven non-exclusive factors in determining whether to dismiss a declaratory judgment action. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 388 (5th Cir. 2003). The *Trejo* factors consider convenience of the parties and witnesses, but also weigh heavily efficiency, judicial economy, and the existence of a parallel proceeding in which all matters might be decided. These factors are more suited to pending state court disputes and neither party has

F.Supp. at 1292. However, this decision is still vested in the district court's discretion and the convenience of parties and witnesses may be considered in the exercise of that discretion. *Fidelity Bank v. Mortgage Funding Corp. of Am.*, 855 F.Supp. 901, 903–04 (N.D. Tex. 1994).

As Waveland notes, several factors might make this court the more convenient one for a class action under the FLSA challenging its overtime payment practices. Those factors, however, may also be raised in a motion to transfer venue in the Eastern District of California, particularly in the event a collective action is certified under the FLSA and contains the proportion of Louisiana-based employees anticipated by Waveland. There is no evidence that McClure, whose choice of forum is due some deference, filed suit there in anticipation of an action being filed in this court. Allowing this suit to proceed would subject both parties to additional expense as well as the risk of inconsistent judgments. There is no compelling reason to do so when these matters relate to the only named plaintiff's employment off the California coast and may still be decided in the California suit.

---

briefed them in this matter. Given the existence of a parallel proceeding, Waveland's anticipatory filing, and the interests of judicial economy, the court also finds that the *Trejo* factors do not counsel retention of the suit.

# III.
## CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 10] will be **DENIED** as to the grounds for dismissal asserted under Federal Rules of Civil Procedure 12(b)(1)–(3) and 12(b)(6) and **GRANTED** as to the court's discretionary power to entertain suit under the Declaratory Judgment Act.

**THUS DONE AND SIGNED** in Chambers on this 26th day of December, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**